**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DERRICK ALLEN, SR.,                    )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )        Civil Action No. 25-00276 (UNA)
                                       )
                                       )
WELLS FARGO *et al.*,                  )
                                       )
            Defendants.                )

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a complaint and an application to proceed *in forma pauperis* (IFP).  For the following reasons, the Court grants the IFP application and dismisses the complaint.

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented, *id.* § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," *id.* § 1332(a).  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff sues a branch of Wells Fargo Bank in Durham, North Carolina, and three North Carolina-based individuals, including former Governor Roy Cooper and Dr. Judith A. Fortney.  Compl., ECF No. 1 at 2-3.  Plaintiff alleges that on January 3, 2025, "Wells Fargo refuse[d] to re-open a checking account which establish connections with both Judith Fortney (checks deposit), and my 2019 Dodge Challenger which was tooken [sic] in Washington, D.C. and

illegally towed by ACE towing in Alexandria, VA[.]" *Id*. at 4 (parenthesis in original).  Plaintiff

seeks, among other relief, "to be compensated . . . in the amount of 24 trillion and/or whatever

the Court deem[s] appropriate[.]" *Id*.

Although Plaintiff invokes 42 U.S.C. § 1983 and purports to sue the individuals in their

official and personal capacities, *id*. at 2-3, the facts alleged do not plausibly plead a claim under

"the Constitution [or] laws . . .of the United States," 28 U.S.C. § 1331, or support any other basis

of federal court jurisdiction.  Consequently, this case will be dismissed by separate order.


_____/s/_____
TANYA S. CHUTKAN
Date:  April 7, 2025                              United States District Judge